IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT KHOURY TYLOR and VINCENT SCOTT TYLOR | ) ) ) | CIVIL NO. CV13-00280 DKW-KSC (Copyright Infringement) |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION TO |
| vs. | ) ) ) | GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT |
| RHYTHM OF LIFE COSMETICS, INC., a Hawaii Corporation, dba MAUI TROPICAL SOAPS; RICHARD D. STILLMAN; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ASSOCIATIONS 1-10, | ) ) ) ) ) ) ) ) ) | JUDGMENT AS TO DEFENDANT RHYTHM OF LIFE COSMETICS, INC. dba MAUI TROPICAL SOAPS |
| Defendants. | ) ) ) ) | |

MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT
RHYTHM OF LIFE COSMETICS, INC. dba MAUI TROPICAL SOAPS

Plaintiffs VINCENT KHOURY TYLOR and VINCENT SCOTT

TYLOR's Motion for Entry of Default Judgment as to Defendant RHYTHM OF

LIFE COSMETICS, INC., a Hawaii Corporation, dba MAUI TROPICAL SOAPS

filed herein on November 8, 2013, [Doc. #12] having come on for hearing before the

Court, the Honorable Kevin S.C. Chang, Magistrate Judge presiding, with J. Stephen

Street and Dane Anderson appearing for the plaintiffs and there being no appearance

and no written submission by or on behalf of the Defendant RHYTHM OF LIFE

COSMETICS, INC., a Hawaii Corporation, dba MAUI TROPICAL SOAPS, the

Court, after full consideration of Plaintiffs' motion and the entire record herein,

makes the following Findings and Recommendation:

<u>FINDINGS OF FACT</u>

1. This is an action for preliminary and permanent injunctive relief and damages against Defendant RHYTHM OF LIFE COSMETICS, INC. dba MAUI TROPICAL SOAPS (hereinafter "Defendant Rhythm of Life Cosmetics, Inc.") for copyright infringements in willful violation of the United States Copyright Act, 17 U.S.C. §§ 101 <u>et</u> <u>seq.</u> and for violations of the Digital Millennium Copyright Act 17 U.S.C. §1202. [Doc. # 1 ¶ 6].

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a). [Doc. # 1 ¶¶ 7-8].

3. Plaintiffs filed their Complaint herein on May 31, 2013. [Doc. # 1].

4. Defendant Rhythm of Life Cosmetics, Inc. was served through its registered agent, Michael L. Lam, Esq., on June 25, 2013, and the Proof of Service was filed as

2

Doc. # 4 in this action.  Based upon the service date of June 25, 2013, Defendant Rhythm of Life Cosmetics, Inc.'s Answer to the Complaint was due on July 16, 2013.

5. The Clerk of the Court entered default as to Defendant Rhythm of Life Cosmetics, Inc. on July 19, 2013. [Doc. # 6].

6. Defendant Rhythm of Life Cosmetics, Inc. is doing business in the State of Hawaii under the business name and brand name MAUI TROPICAL SOAPS through a commercial web page on Facebook.com, at http://www.facebook.com/MauiSoaps; through a commercial web blog on Wordpress.com, at http://mauisoap.wordpress.com; and, through a commercial website at http://www.mauitropicalsoaps.com.  [Doc. # 1 ¶ 9].

7. Defendant Rhythm of Life Cosmetics, Inc. manages and controls its commercial web page on Facebook.com and its commercial web blog on Wordpress.com to advertise and promote its MAUI TROPICAL SOAPS business and brand name and commercial website at http://www.mauitropicalsoaps.com; to feature its cosmetic products and offers found on its commercial

website; to respond to product inquires by
users/readers; and, to encourage users/readers to
navigate to its commercial website to view product
prices and offers and to make purchases by clicking on
one of the many posted hyperlinks found throughout its
web page and web blog for users/readers to be routed
automatically to Defendant Rhythm of Life Cosmetics,
Inc.'s commercial website.  [Doc. # 1 ¶¶ 10-11].

8. Nineteen (19) of the photographic works, image nos.:
"O-06 Hanauma Bay Wide"; "K-06-B Wailua Falls
Rainbow"; "O-01 Waikiki-Pink boat ORIG."; "A-14
Tropical Lagoon"; "K-24-B Kealia Beach"; "B-07 Akaka
Falls Hor"; "B-01-A Rainbow Falls"; "M-07
Windsurfers"; "A-29 Tropical Oasis"; "O-24 Makapuu";
"A-28 Emerald Waters"; "K-38 Taro Fields of Hanalei";
"K-12-B Lumahai Beach Low"; "B-01-B Rainbow Falls";
"K-27 NaPali Coast"; "A-20 Surfer at Twilight"; "B-18
Green Beach"; "A-34 Island Falls"; and, "K-20 Waimea
Canyon" at issue in this case were created by
photographer Plaintiff VINCENT KHOURY TYLOR, who is
the owner of the copyrights for those photographic
works.  The copyrights for Plaintiff VINCENT KHOURY
TYLOR's photographic works at issue were registered

with the United States Copyright Office as 1) VA 1-696-555, effective December 17, 2009, and supplemented by VA 1-432-741; 2) VA 1-696-552, effective December 17, 2009, and supplemented by VA 1-432-820; and, 3) VA 1-759-562, effective January 29, 2011.  [Doc #1 ¶¶ 13-14 & Doc. #1-1].

9. Four (4) of the photographic works, image nos.: "Princeville 01"; "Anini 02"; "Hanama Bay"; and, "Hanauma Bay Overlook Original" at issue in this case were created by photographer Plaintiff VINCENT SCOTT TYLOR, who is the owner of the copyrights for those photographic works.  The copyrights for three (3) of four (4) of Plaintiff VINCENT SCOTT TYLOR's photographic works at issue, specifically "Princeville 01"; "Anini 02"; and, "Hanama Bay", were registered with the United States Copyright Office as VA 1-761-524, effective February 8, 2011.  The registration of Plaintiff VINCENT SCOTT TYLOR's "Hanauma Bay Overlook Original" was pending certification by the United States Copyright Office as of the filing of the Complaint.  [Doc. #1 ¶¶ 15-16 & Doc. #1-2].

10. Plaintiffs incurred substantial time and expense in creating the photographic works at issue, and Plaintiffs license the photographic works at issue for commercial and other uses. [Doc. # 1 ¶ 19].

11. In late 2012, Plaintiff VINCENT KHOURY TYLOR learned that Defendant Rhythm of Life Cosmetics, Inc. used fifteen (15) of Plaintiff VINCENT KHOURY TYLOR's photographic works, specifically images "O-06 Hanauma Bay Wide"; "K-06-B Wailua Falls Rainbow"; "O-01 Waikiki-Pink boat ORIG."; "A-14 Tropical Lagoon"; "K-24-B Kealia Beach"; "B-07 Akaka Falls Hor"; "B-01-A Rainbow Falls"; "M-07 Windsurfers"; "A-29 Tropical Oasis"; "O-24 Makapuu";  "A-28 Emerald Waters"; "K-38 Taro Fields of Hanalei"; "K-12-B Lumahai Beach Low"; "B-01-B Rainbow Falls"; and, "K-27 NaPali Coast" on its commercial Facebook.com web page and commercial Wordpress.com web blog a total of thirty-four (34) times without obtaining a license or consent from Plaintiff VINCENT KHOURY TYLOR; thus violating Plaintiff VINCENT KHOURY TYLOR's exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al.  [Doc. #1 ¶ 20 & Doc. #1-3].

6

12. In late 2012, Plaintiff VINCENT SCOTT TYLOR learned that Defendant Rhythm of Life Cosmetics, Inc. used three (3) of Plaintiff VINCENT SCOTT TYLOR's photographic works, specifically images "Princeville 01"; "Anini 02"; and, "Hanama Bay" on its commercial Facebook.com web page and commercial Wordpress.com web blog a total of six (6) times without obtaining license or consent from Plaintiff VINCENT SCOTT TYLOR; thus violating Plaintiff VINCENT SCOTT TYLOR's exclusive right to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. § 100 et al. [Doc. #1 ¶ 21 & Doc. #1-4].

13. Despite notice of the infringements in November of 2012, communications with Defendant Rhythm of Life Cosmetics, Inc. discussing the nature and duration of the copyright infringements and Plaintiffs' demand that Defendant Rhythm of Life Cosmetics, Inc. cease and desist from using any of Plaintiffs' copyrighted works, Defendant Rhythm of Life Cosmetics, Inc. continued to use seven (7) of the eighteen (18) photographic works at issue in the same manner on its commercial Facebook.com web page and Wordpress.com web blog.

14. In addition to Defendant Rhythm of Life Cosmetics,
    Inc.'s continued use of seven (7) of the photographic
    works after Plaintiffs' request to cease and desist,
    Plaintiffs learned in May of 2013, that Defendant
    Rhythm of Life Cosmetics, Inc. was using four (4)
    additional photographic works of Plaintiff VINCENT
    KHOURY TYLOR and one (1) additional photographic work
    of Plaintiff VINCENT SCOTT TYLOR on its commercial
    Facebook.com web page.  The infringing uses of five
    (5) additional photographic works of Plaintiffs,
    which began in December of 2012, after Plaintiffs'
    cease and desist demand for the initial eighteen (18)
    photographic works, consist of a total of twelve (12)
    additional uses of the five (5) additional
    photographic works, specifically, Plaintiff VINCENT
    KHOURY TYLOR's "B-18 Green Beach"; "A-34 Island
    Falls"; "K-20 Waimea Canyon"; "A-20 Surfer at
    Twilight"; and, Plaintiff VINCENT SCOTT TYLOR's
    "Hanauma Bay Lookout Original" without obtaining a
    license or consent from Plaintiffs; thus violating
    Plaintiffs' exclusive right to reproduce, adapt,
    display, distribute, and/or create derivative works

under 17 U.S.C. § 100 et al.  [Doc. #1 ¶ 25; Doc. #1-3; Doc. #1-4].

15. Defendant Rhythm of Life Cosmetics, Inc. continues to use Plaintiff VINCENT KHOURY TYLOR's "B-18 Green Beach"; "A-34 Island Falls"; "K-20 Waimea Canyon"; and, Plaintiff VINCENT SCOTT TYLOR's "Hanauma Bay Lookout Original."  [Doc. #1 ¶¶ 20 & 25 & Doc. #12-2].

16. At least seventeen (17) of the nineteen (19) total photographic works at issue by Plaintiff VINCENT KHOURY TYLOR, specifically, image nos.: "K-06-B Wailua Falls Rainbow"; "A-14 Tropical Lagoon"; "K-24-B Kealia Beach"; "B-07 Akaka Falls Hor"; "B-01-A Rainbow Falls"; "M-07 Windsurfers"; "A-29 Tropical Oasis"; "O-24 Makapuu"; "A-28 Emerald Waters"; "K-38 Taro Fields of Hanalei"; "K-12-B Lumahai Beach Low"; "B-01-B Rainbow Falls"; "K-27 NaPali Coast"; "A-20 Surfer at Twilight"; "B-18 Green Beach"; "A-34 Island Falls"; and, "K-20 Waimea Canyon" where they are legitimately available, bear Plaintiff VINCENT KHOURY TYLOR's copyright management information in the form of a "Vincent K. Tylor" signature at the bottom corner of each photographic work.  Defendant Rhythm

of Life Cosmetics, Inc. intentionally removed or altered Plaintiff VINCENT KHOURY TYLOR's copyright management information in at least seventeen (17) of his photographic works at issue for Defendant Rhythm of Life Cosmetics, Inc.'s uses of those photographic works without the authority of Plaintiff VINCENT KHOURY TYLOR or the law.  Plaintiff VINCENT KHOURY TYLOR was injured in his ability to license those photographic works at issue because Defendant Rhythm of Life Cosmetics, Inc.'s commercial Facebook.com web page and commercial Wordpress.com web blog contained copies of seventeen (17) photographic works at issue, in high resolution, with the copyright management information removed. Plaintiff VINCENT KHOURY TYLOR's copyright management information is readily ascertainable by performing a search of his photographic works on the Internet. One photographic work, "K-27 NaPali Coast," used by Defendant Rhythm of Life Cosmetics, Inc. on its commercial Facebook.com web page was not digitally cropped and still contained the copyright management information, demonstrating willful infringement and a disregard for Plaintiffs' copyright notices.  [Doc. # 1 ¶¶ 26-27 & Doc. # 1-3].

17. Plaintiffs have held all rights, title and interest
    in the copyrights to the photographic works at issue
    during the entire period of Defendant Rhythm of Life
    Cosmetics, Inc.'s use, the use of which has not been
    licensed to Defendant Rhythm of Life Cosmetics, Inc.
    [Doc. # 1 ¶ 31].

18. Defendant Rhythm of Life Cosmetics, Inc. has
    misappropriated Plaintiffs' copyrighted photographic
    works with knowledge that the photographic works at
    issue did not belong to Defendant Rhythm of Life
    Cosmetics, Inc., and Defendant Rhythm of Life
    Cosmetics, Inc. made no attempt to obtain permission
    or license from anyone, and continues to willfully
    engage in unauthorized use of Plaintiffs'
    photographic works despite its knowledge of
    Plaintiffs as owners of the copyrights and its uses
    being unlawful.   [Doc. # 1 ¶ 32].

19. Because Defendant Rhythm of Life Cosmetics, Inc.
    continues to use Plaintiffs' photographic works for
    its own commercial purposes after it was given notice
    of the infringements, it has demonstrated willful
    infringement, which, unless restrained, will
    continue, causing irreparable harm to Plaintiffs, for

11

which Plaintiffs have no adequate remedy of law.
[Doc. # 1 ¶ 33].

20. Defendant Rhythm of Life Cosmetics, Inc.'s unlawful
use of copies of Plaintiffs' original photographic
works without license has diminished the value of the
original photographic works by diluting the market
and destroying the distinctiveness of the
photographic works and their identity as being the
exclusive property of Plaintiffs.  [Doc. # 1 ¶ 34].

21. Defendant Rhythm of Life Cosmetics, Inc.'s unlawful
acts have been and are interfering with and
undermining Plaintiffs' ability to market Plaintiffs'
own original photographic works, thereby impairing
the value and prejudicing the sale by Plaintiffs of
their own photographic works.  By continuing to use
Plaintiffs' photographic works, despite notice of the
infringements, and even after the filing of the
Complaint in this action, Defendant Rhythm of Life
Cosmetics, Inc. has demonstrated that it intends to
continue, unless restrained, to use Plaintiffs'
copyrighted photographic works, willfully infringing,
and causing irreparable harm to Plaintiffs for which
Plaintiffs have no adequate remedy of law.  [Doc. # 1

¶¶ 35-36].   Specifically, Defendant Rhythm of Life Cosmetics, Inc. continues to use Plaintiffs' photographic works on its commercial Facebook.com web page, contributing to ongoing, widespread distribution of Plaintiffs' photographic works absent Plaintiffs' copyright management information by users of Facebook.com, for which Plaintiffs' have no adequate remedy of law.   [Doc. #12-2 ¶¶ 12-13 & Doc. #12-3 ¶¶ 9-10]

22. As a direct and proximate result of Defendant Rhythm of Life Cosmetics, Inc.'s wrongful acts, Plaintiffs have suffered and continue to suffer lost profits and damages.   [Doc. # 1 ¶ 39].

23. Defendant Rhythm of Life Cosmetics, Inc. has intentionally removed copyright management information from at least seventeen (17) of Plaintiff VINCENT KHOURY TYLOR's photographic works used on Defendant Rhythm of Life Cosmetics, Inc.'s commercial Facebook.com web page and commercial Wordpress.com web blog without the authority of the copyright owner, Plaintiff VINCENT KHOURY TYLOR, or the law, and knowing or having reasonable grounds to know, that the removal would induce, enable, facilitate, or

13

conceal infringements of copyright. [Doc. # 1 ¶ 45].

## CONCLUSIONS OF LAW

A. To the extent that the foregoing findings of fact are more properly conclusions of law, they shall be treated as such, and, to the extent that the following are more properly findings of fact, they shall be treated as such.

B. The Complaint alleges claims for copyright infringements, in violation of the United States Copyright Act, 17 U.S.C. § 101 et. seq., and claims for removal or alteration of copyright management information in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b).

C. There are two elements to a claim for copyright infringement: a plaintiff must allege (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. Funky Films, Inc. v. Time Warner Entm't Co., L.P., 462 F.3d 1072, 1076 (9th Cir. 2006); Pacific Stock, Inc. v. Pearson Edu., Inc., 2012 U.S. Dist. LEXIS 3337 (U.S.D.C. HI, Jan. 11, 2012) Copy. L. Rep. (CCH) P30,186.

Plaintiffs have pled facts to establish the necessary
elements of copyright infringements.

D.  To establish the Digital Millennium Copyright Act
violations, Plaintiffs must establish that Defendant
Rhythm of Life Cosmetics, Inc. has committed acts
prohibited under 17 U.S.C. § 1202(b), as follows:

> § 1202. Integrity of copyright management information
> . . .
> (b)  REMOVAL OR ALTERATION OF COPYRIGHT
> MANAGEMENT INFORMATION. — No person shall without
> the authority of the copyright owner or the law —
>
> > (1)   intentionally remove or alter any copyright
> > management information

   . . . .

Copyright management information includes the name of the author of the
work, including information set forth on a notice of copyright, as well as
identifying symbols referring to the copyright of the work or the terms or
conditions for use of the work.  17 U.S.C. 1202(c).  Plaintiffs have pled facts to
establish the necessary elements of the Digital Millennium Copyright Act
violations.

E.  "With respect to the determination of liability and
the default judgment itself, the general rule is that
well-pled allegations in the complaint regarding
liability are deemed true."  Fair Housing of Marin v.
Combs, 285 F.3d 899, 906 (9th Cir. 2002); see

DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); see also Fed. R. Civ. P. 8(b)(6).  The entry of default conclusively establishes the facts as to liability, but not damages.  See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).  While the court may conduct a hearing to determine damages, see Fed. R. Civ. P. 55(b)(2), the court can rely on evidence submitted by Plaintiffs.  See Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

F.  As a general rule, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

G.  In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,  (2)  the merits of plaintiff's substantive claim,  (3) the sufficiency of the complaint,  (4)  the sum of money at stake in the action;  (5)  the possibility of a dispute concerning material facts;  (6)  whether the default was due to

16

excusable neglect, and   (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)); see also Parr v. Club Peggy, Inc., 2012 U.S. Dist. LEXIS 24758 (D. Haw. Jan. 19, 2012).

H. The Eitel factors favor Plaintiffs:  (1) Defendant Rhythm of Life Cosmetics, Inc.'s failure to file an answer in this action prejudices Plaintiffs' ability to obtain a prompt and efficient resolution; (2) Plaintiffs have demonstrated that Defendant Rhythm of Life Cosmetics, Inc. has violated Plaintiffs' copyrights and has violated the DMCA; (3) Plaintiffs' complaint sufficiently sets forth the elements to support the claims under the Copyright Act and the DMCA; and, (4) the amount of money at stake relative to the cost of continued litigation makes the matter appropriate for default judgment.

I. Two of the seven factors are neutral because Defendant Rhythm of Life Cosmetics, Inc. has not appeared in this action:  (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect, however, any possible argument as to excusable neglect is implausible given the extended period of time that

17

Defendant Rhythm of Life Cosmetics, Inc. has failed to appear in this case.  Although the last factor, the strong policy favoring decisions on the merits, favors denial of the motion, on balance, the record strongly favors granting the default judgment.

## DAMAGES

### Statutory Damages for Willful Copyright Infringements

J.  Pursuant to 17 U.S.C. § 504(c), "A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."  Columbia Pictures Indus., Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1194 (9th Cir. 2001) (citation omitted).  Plaintiffs are entitled to an award of damages of no less than $750.00 per work and, for a willful infringement, no more than $150,000.00 per work for Defendant Rhythm of Life Cosmetics, Inc.'s violation of the Copyright Act. 17 U.S.C. § 504(c)(1) and (2).

K.  In determining an amount of statutory damages for copyright infringements, district courts will generally consider: 1) the nature of the

infringement; 2) the defendant's purpose and intent; 3) the profit that the defendant reaped, if any, or the expense that the defendant saved; 4) the revenue lost by plaintiffs as a result of the infringements; 5) the value of the copyrights; 6) the duration of the infringements; 7) the defendant's continuation of infringement after notice or knowledge of copyright claims; and, 8) the need to deter this defendant and other potential infringers. Sony BMG Music Entm't v. Tenenbaum, 719 F.3d 67, 69 (1st Cir. 2013) (quotations omitted); Cross Key Pub. Co., Inc., v. Wee Inc., 921 F. Supp. 479 (W.D. Mich. 1995) (considering infringer's refusal to obtain license; continued violation of copyright despite warning; and amount operator would owe under proper license); Cass County Music Co. v. C.H.L.R. Inc., 896 F. Supp. 904 (E.D. Ark. 1995) (considering the amount of money the defendant saved, the amount the plaintiff lost, and the defendant's state of mind); Polygram Intern. Pub., Inc. v. Nevada/TGI, Inc., 855 F. Supp. 1314 (D. Mass. 1994) (citing deterrence as an additional factor). Thus, while a plaintiff need not prove actual damages in order to receive statutory damages,

statutory damages should bear some relationship to actual damages.  See Fitzgerald Pub. Co. v. Baylor Pub. Co., 670 F. Supp. 1133 (E.D.N.Y. 1987).

L. In applying the factors in this case, the nature of the infringement consisted of a total of forty-four (44) different uses of Plaintiff VINCENT KHOURY TYLOR's nineteen (19) photographic works and a total of eight (8) different uses of Plaintiff VINCENT SCOTT TYLOR's four (4) photographic works, all of which served as commercial advertising for Defendant Rhythm of Life Cosmetics, Inc., and Defendant Rhythm of Life Cosmetics, Inc.'s purpose was to willfully infringe and conceal the infringements from Plaintiffs and the public as shown by the intentional removal of copyright management information with Plaintiff VINCENT KHOURY TYLOR's photographic works.  The cost-savings that Defendant Rhythm of Life Cosmetics, Inc. enjoyed and the revenue lost by Plaintiffs equate to the amount that Defendant Rhythm of Life Cosmetics, Inc. would have had to pay Plaintiffs to license the photographic works for the manner in which they were used on Defendant Rhythm of Life Cosmetics, Inc.'s commercial Facebook.com and Wordpress.com web pages.

The value of each copyright in this case is high due to the photographic works being professional images.  Some of these infringements began as early as 2011, and Defendant Rhythm of Life Cosmetics, Inc. is still using some of Plaintiffs' photographic works at issue.

M. Plaintiff VINCENT KHOURY TYLOR's standard licensing fees for the forty-four (44) uses of his nineteen (19) photographic works at issue would have totaled $45,381.60, as detailed in his Declaration (plus $1891.05 in State of Hawaii general excise tax, for a total of $47,272.65).

N. Plaintiff VINCENT SCOTT TYLOR's standard licensing fees for the eight (8) uses of his four (4) photographic works at issue would have totaled $8,301.60, as detailed in his Declaration (plus $345.93 in State of Hawaii general excise tax, for a total of $8,647.53).

O. Plaintiffs determined their loss by calculating the license fee for each use of each photographic work at issue in the size used on Defendant Rhythm of Life Cosmetics, Inc.'s commercial Facebook.com or Wordpress.com web pages for the number of years used.

P. In <u>Warner Bros. Entertainment v. Caridi</u>, 346 F. Supp. 2d 1068 (C.D. Ca. 2004), the plaintiff sought enhanced statutory damages after an entry of default judgment against defendants who had engaged in unauthorized copying and distribution of two movie "screeners" the plaintiff had loaned them for award consideration.  <u>Id.</u> at 1069-71.  The federal district court noted that, "[b]ecause of the entry of default, the allegations in [the plaintiff's] Complaint must be taken as true.  Thus, since [the plaintiff] alleged willful infringement, the Court must take [the plaintiff's] allegation of willful infringement as true."  <u>Id.</u> at 1074.  In that case, the plaintiff sought statutory damages under 17 U.S.C. § 504(c)(2) for a sum of not more than $150,000.00 per work.  <u>Id.</u> The court found that the egregiousness of the conduct in that case was compounded by the defendants' failure to proffer any defense, and warranted an award of enhanced statutory damages of $150,000.00 per work.  <u>Id.</u> Because of Defendant Rhythm of Life Cosmetics, Inc.'s default, Plaintiffs' allegations of willful infringement should be taken as true.  As in <u>Warner Bros.</u>, Defendant Rhythm of Life Cosmetics,

Inc.'s conduct is clearly egregious as it continues to use Plaintiffs' photographic works on its commercial Facebook.com web page, contributing to ongoing, widespread distribution of Plaintiffs' photographic works absent Plaintiffs' copyright management information, and the egregious conduct is compounded by Defendant Rhythm of Life Cosmetics, Inc.'s failure to proffer any defense to the Complaint.

Q. Furthermore, Defendant Rhythm of Life Cosmetics, Inc.'s continuing infringements after notice or knowledge of Plaintiffs' copyright claims and the need to deter Defendant Rhythm of Life Cosmetics, Inc. from committing further, willful, acts of copyright infringements as well as dissuade internet users of committing similar conduct in the future, are also significant factors that weigh in on the amount of statutory damages.  The cavalier disregard for Plaintiffs' copyrights to the photographic works, as well as for Plaintiffs' notice from counsel of the copyright infringements, demonstrates a need for the court to impose a heightened award of damages.

R. Congress made it clear that heightened penalties are necessary to dissuade such conduct, observing that "many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted for their conduct . . . [and] do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice that their actions constitute infringement and that they should stop the activity or face legal action." Capitol Records, Inc. v. Thomas-Rasset, 692 F.3d 899, 908 (8th Cir. 2012) (quoting H.R. Rep. 106-216, at 3 (1999), 1999 WL 446444, at *3). And courts have squarely followed Congress's intention to make an example out of willful infringers. See, e.g., Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 196 (1st Cir. 2004) ("A decision in an infringement suit to increase the statutory rate based on a finding of willfulness, like an upward departure from a sentencing guideline's range, is a punitive measure meant to deter."). The deterrent purpose of statutory

damages is important here to discourage future acts
of infringement.

S.  Plaintiffs elect to receive statutory damages for the
willful infringements as to each of the twenty-three
(23) photographic works at issue.  Although
Plaintiffs are entitled to seek $150,000.00 per work
for Defendant Rhythm of Life Cosmetics, Inc.'s
willful infringements in this case, Plaintiffs ask
that the Court award statutory damages under 17
U.S.C. § 504(c)(1) for the willful copyright
infringements in the amount of no less than
$167,750.00, representing just less than three-times
the standard licensing fees for the retroactive uses.
Given Defendants' willful conduct, the Court finds
that Plaintiffs' request for $167,500.00 is
appropriate.  The Court recommends that Plaintiffs be
awarded $167,500.00 in statutory damages under the
Copyright Act.

Statutory Damages for DMCA Violations

T.  Additionally, pursuant to 17 U.S.C. § 1203(c), Plaintiff VINCENT KHOURY
TYLOR is entitled to an award of damages of no less than $2,500.00 for each
violation of 17 U.S.C. § 1202 and no more than $25,000.00 for each violation.

See 17 U.S.C. § 1203(c)(3)(B).

U.    Based upon the entry of default, Plaintiff VINCENT KHOURY TYLOR's

allegations of Defendant Rhythm of Life Cosmetics, Inc.'s removal of

copyright management information from seventeen (17) of his photographic

works as they were used at Defendant Rhythm of Life Cosmetics, Inc.'s

commercial Facebook.com web page should be taken as true.  See Warner

Bros., 346 F. Supp. 2d at 1071.  Although Plaintiff VINCENT KHOURY

TYLOR may seek up to $25,000.00 for each violation of 17 U.S.C. § 1202, he

seeks no less than $85,000.00 for the DMCA violations, which represents two-

times the minimum total statutory damages available for the seventeen (17)

violations.  Plaintiff VINCENT KHOURY TYLOR's request for $85,000.00 in

statutory damages for the DMCA violations is reasonable under the

circumstances.  This Court recommends that Plaintiff VINCENT KHOURY

TYLOR be awarded $85,000.00 in statutory damages for the DMCA violations.


Attorneys' Fees and Costs

V.    Pursuant to 17 U.S.C. § 505, entitled "Remedies for infringement:  Costs and

attorney's fees," and 17 U.S.C. § 1203, entitled "Civil Remedies," the Court in

its discretion may allow the recovery of full costs and reasonable attorneys' fees

to the prevailing party on the copyright infringement claims and the DMCA

violations.

W.     Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u> <u>Fisher v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  <u>Hensley</u>,  461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in <u>Kerr v. Screen Extras Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  <u>See</u> <u>Fisher</u>, 214 F.3d at 1119 (citation omitted).  The factors the Ninth Circuit articulated in <u>Kerr</u> are:

> (1) the time and labor required,  (2)  the novelty and difficulty of the questions involved,  (3)  the skill requisite to perform the legal service properly,  (4)  the preclusion of other employment by the attorney due to acceptance of the case,  (5)  the customary fee,  (6)  whether the fee is fixed or contingent,  (7)  time limitations imposed by the client or the circumstances,  (8)  the amount involved and the results obtained,  (9)  the experience, reputation, and ability of the attorneys,  (10)  the "undesirability" of the case,  (11)  the nature and length of the professional relationship with the client, and  (12)  awards in similar cases.

<u>Kerr</u>, 526 F.2d at 70.  The subsumed factors taken into account in the "lodestar" calculation are: "'(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the

27

results obtained,' Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (quoting Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988), reinstated, 886 F.2d 235 (1989), cert. denied, 494 U.S. 1091, 110 S. Ct. 1838, 108 L. Ed. 2d 966 (1990)), and (5) the contingent nature of the fee agreement," City of Burlington v. Dague, 505 U.S. 557, 112 S. Ct. 2638, 2643, 120 L. Ed. 2d 449 (1992).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,  483 U.S. 711, 728 (1987);  see also Fisher, 214 F.3d at 1119 n.4 (the lodestar figure should only be adjusted in rare and exceptional cases).

X.   In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  Although attorneys are required to provide evidence that the rate charged is reasonable, see Jordan v. Multnomah County, 815 F.2d 1258, 1263

(9th Cir. 1987), this Court is aware of the prevailing rates in the community. The Court finds reasonable an hourly rate of $300.00 for Mr. Street and $150.00 for Mr. Anderson.

Y. The Court finds that Mr. Street reasonably expended 10.7 hours, and Mr. Anderson reasonably expended 37.1 hours, on this case. When multiplied by their hourly rates, the resulting fee awards and tax are Three Thousand Three Hundred and Forty-Three Dollars and Seventy-Six Cents ($3,343.76) for Mr. Street and Five Thousand Seven Hundred and Ninety-Six Dollars and Eighty-Nine Cents ($5796.89) for Mr. Anderson. The Court accordingly recommends a total award of $9,140.65 in attorneys' fees. Additionally, the Court finds that Plaintiffs reasonably incurred $508.00 in costs and recommends that Plaintiffs be awarded the same.

INJUNCTIVE RELIEF

Z. Plaintiffs' motion requests that this Court grant the relief sought in the Complaint, which includes injunctive relief. Applying the factors set forth in eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) and Flexible Lifeline Sys., Inc. v. Precision

29

Lift, Inc., 654 F.3d 989, 996 (9th Cir. 2011), Defendant Rhythm of Life Cosmetics, Inc. continues to use Plaintiffs' photographic works on its commercial Facebook.com web page even after the filing of the present motion, causing continued widespread distribution of Plaintiffs' photographic works absent Plaintiffs' copyright management information among users of Facebook.com; thus Plaintiffs' have suffered irreparable injury by the continuing infringing uses by Defendant Rhythm of Life Cosmetics, Inc.  There is no adequate remedy of law for Plaintiffs because Defendant Rhythm of Life Cosmetics, Inc.'s continuing infringements will require Plaintiffs to file a multiplicity of lawsuits, as any damages awarded from this motion will not compensate for the ongoing infringements and further distribution among users of Facebook.com.  The balance of hardships necessarily shifts in Plaintiffs' favor as the Court can find no reason why Defendant Rhythm of Life Cosmetics, Inc. simply cannot remove the Facebook.com postings containing the infringements and otherwise continue to advertise its business on Facebook.com; the harm to Defendant Rhythm of Life Cosmetics, Inc. is thus

30

minimal.   Finally, the public interest will be
served with a permanent injunction, since it will
protect Plaintiffs' copyrights against future
infringement by Defendant Rhythm of Life Cosmetics,
Inc. and other Facebook.com users.

<u>RECOMMENDATION</u>

Based upon the foregoing findings of fact and
conclusions of law, it is

hereby recommended that Default Judgment be entered in Plaintiffs' favor and

against Defendant Rhythm of Life Cosmetics, Inc., and that Defendant Rhythm of

Life Cosmetics, Inc. pay to Plaintiffs $167,750.00 in statutory damages for its willful

copyright infringements, $85,000.00 for its DMCA violations, $3,343.76 in

attorneys' fees and tax for Mr. Street, $5796.89 in attorneys' fees and tax for Mr.

Anderson, for a total award of attorneys' fees of $9,140.65 and an award of costs in

the amount of $508.00, and that Defendant Rhythm of Life Cosmetics, Inc. be

permanently enjoined from using any of Plaintiffs' photographic works at issue

without seeking prior license.  This Default Judgment resolves all claims as to

Defendant Rhythm of Life Cosmetics, Inc. and it is hereby recommended that it be

entered as final judgment as to Defendant Rhythm of Life Cosmetics, Inc. under

Rule 54(b) of the Federal Rules of Civil Procedure, there being no just reason for

delay due to the other defendant in this matter, Richard D. Stillman, having filed personal bankruptcy.

      IT IS SO FOUND AND RECOMMENDED.

      DATED:   Honolulu, Hawaii, January 6, 2014.



                  Kevin S.C. Chang
                  United States Magistrate Judge

CV 13-00280 DKW-KSC; TYLOR v. RHYTHM OF LIFE COSMETICS, INC., et.al.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO DEFENDANT RHYTHM OF LIFE COSMETICS, INC., dba MAUI TROPICAL SOAPS